UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL E. WITT,<br><br>      Plaintiff,<br><br> vs.<br><br>GRAND DESIGN RV, LLC<br>and DONALD CLARK,<br><br>      Defendants. | Case No. 3:22-cv-00526-DRL-MGG |

*MOTION FOR APPROVAL OF FLSA SETTLEMENT*

Plaintiff Michael Witt ("Witt") submits this motion for approval of the settlement in this matter. The terms of the settlement are memorialized in the Settlement Agreement attached as Exhibit 1. Because the settlement is a fair and reasonable resolution of a *bona fide* dispute, Witt requests that the Court enter an order approving the Settlement Agreement. Under the Settlement Agreement, upon full payment of the amount set forth in the Settlement Agreement, the parties will file a Stipulation of Dismissal of this action with prejudice.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Witt filed his complaint on July 8, 2022, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants Grand Design RV, LLC ("Grand Design") and Donald Clark ("Clark") (collectively, "Defendants") deny those allegations and contend that Witt was properly classified as an exempt employee not entitled to overtime. The parties conducted a mediation of this case on May 26, 2023, with Judge Sanford Brook to resolve Witt's claims. Though the matter did not resolve then, Judge Brook continued to

work with the parties, and, with the assistance of Judge Brook, the parties were eventually able to reach a resolution.

## II. SUMMARY OF SETTLEMENT TERMS

Defendants have agreed to pay Witt the gross amount of $45,000.00 to resolve all claims. This sum amounts to $30,000.00 payable to Witt for his claims for unpaid wages and liquidated damages, and $15,000.00 payable to Witt's counsel representing Witt's claim for attorney's fees and costs. In exchange for this monetary payment, Witt has agreed to release Defendants from any and all claims or causes of action he has or may have against Defendants.

## III. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT AGREEMENT

Where the litigation arises from a private enforcement action under the Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward—specifically, a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Knox v. Jones Group*, No. 15-cv-1738, 2017 WL 3834929 at *1 (S.D. Ind. Aug. 31, 2017).

The Court, therefore, should perform two inquiries before approving an FLSA settlement. First, the Court must be satisfied that the settlement was the product of "contested litigation." Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the parties. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicium of fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable

compromise over contested issues, the Court may approve the settlement in order to promote the policy of encouraging settlement in litigation.

Based on the contested nature of this litigation and the quality of the settlement, this Court should conclude that the settlement of Witt's claim is a reasonable resolution of a *bona fide* dispute in contested litigation and approve the Settlement Agreement.

### A.  *The proposed settlement is a product of contested litigation.*

The settlement is a result of contested litigation given the fact that the settlement has been reached in the context of this lawsuit. The parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. For these reasons, the Court should conclude that the proposed settlement is the product of contested litigation.

### B.  *The proposed settlement reflects a fair and reasonable resolution of a bona fide dispute between parties.*

The second prong of the Court's settlement approval inquiry is two-fold. First, the Court must confirm the existence of a *bona fide* dispute between the parties. Here, Witt alleged that Defendants improperly classified him as exempt under the FLSA and therefore failed to pay required overtime wages. Defendants deny these allegations and contend that they properly utilized the Motor Carrier exemption for Witt's position and that they owe him no overtime or other wages.

The parties have exchanged extensive written discovery and conducted the deposition of Witt. Summary judgement motions were going to be filed by both sides. If this matter were not resolved by settlement, the parties would have continued to engage in costly and time-consuming litigation. This procedural posture demonstrates a *bona fide* dispute between the

parties. *See, e.g., Beckwith v. Planet Forward, LLC*, 2019 WL 588178, at *2 (N.D. Ind. Feb. 13, 2019) (finding a *bona fide* dispute even when settlement came in early stages of litigation where "litigating this case to its conclusion on the merits would likely entail considerable time and expense.").

Second, the Court must determine that the proposed settlement is fair and reasonable. Courts will evaluate whether the "settlement agreement reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Gallant v. Arrow Consultation Services, Inc.*, No. 1:19-cv-00925-SEB-MPB, 2020 WL 2113399, at *2 (S.D. Ind. May 4, 2020). *See also* Koch v. Jerry W. Bailey Trucking, Inc., No. 1:14-CV-72-HAB, 2021 WL 542366, at *2 (N.D. Ind. Jan. 26, 2021) and *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010)

Here, the parties engaged in discovery and developed the facts and legal theories at issue in the case. In addition, the parties are represented by experienced counsel who have negotiated in good faith, at arm's length and with the help of Judge Sanford Brook. The settlement reached as a result of discussions between the Parties and their counsel reflects a compromise of the disputed issues and evaluations by both sides of the likelihood of success in the claims and defenses and the costs on certainties and inconveniences of continuing litigation, trial and appeal.

Witt has determined and agreed that the value of an immediate recovery outweighs the mere possibility of relief after long and expensive litigation. Absent his claim for attorney's fees and costs, Witt estimates his "best day" recovery of unpaid wages and liquidated damages would amount to approximately $80,000.00. By virtue of the Settlement Agreement, Witt recovers approximately thirty-eight percent of that amount, plus an agreed upon amount of

4

$15,000.00 for his attorney's fees and costs. Because this FLSA involved a challenged exemption, if Defendants had been successful at trial or summary judgment, Witt would have recovered nothing.

Accordingly, the settlement is "fair, adequate and reasonable in light of the risk and expense of further litigation." *Id.* ("Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (*quoting Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-cv-01430-LJM, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012).

### IV.   CONCLUSION

The parties reached this settlement as a result of contested litigation, and it resolves a *bona fide* dispute between them. The parties engaged in the exchange and analysis of pertinent information and resolved the issues between them. The settlement is fair and reasonable in that it resolves a dispute at a stage in the litigation where the expense and stress of highly contested and protracted litigation can be avoided. For these reasons, Witt respectfully requests that the Court approve the Settlement Agreement.

**THE LAW OFFICE OF ROBERT J. HUNT LLC**
1905 South New Market Street, Suite 168
Carmel, IN  46032


By:  /s/ Robert F. Hunt
    ROBERT F. HUNT
    Counsel for Plaintiff


Dated:   September 15, 2023

## *CERTIFICATE OF SERVICE*

I hereby certify that on September 14, 2023, a copy of the foregoing has been served by electronic mail upon the following persons:

> Andrew B. Murphy (27267-71)
> James R. Strickland (35381-49)
>
> 300 North Meridian Street, Suite 2500
> Indianapolis, IN 46204
>
> Email: andrew.murphy@faegredrinker.com
>             james.strickland@faegredrinker.com
>
> Attorneys for Defendants

s/Robert F. Hunt
Robert F. Hunt